**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CPUS Mockingbird LP, | No. CV-25-00282-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Langer, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 19.) The Court will grant the motion.

## I.    BACKGROUND

At the default judgment stage, all factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiff CPUS Mockingbird LP ("CPUS") is a Delaware partnership with its principal place of business in New York. (Doc. 9 ¶ 1; Doc. 19-2 ¶ 3.) CPUS entered into a lease agreement on January 29, 2021, with Playboy Fades, LLC for a premises located in Dallas, Texas. (Doc. 9 ¶ 8.) Defendant Daniel Langer, who resides in Arizona, entered into a Guaranty for this lease agreement. (*Id.* ¶¶ 2, 10.) Defendant Rachel Soteros is married to Defendant Langer. (*Id.* ¶ 3.) CPUS alleges that Playboy Fades, LLC failed to pay amounts due under the Lease Agreement, and Langer is liable under the Guaranty. (*Id.* ¶ 19.)

CPUS brought a breach of contract claim against Defendant Langer on January 29,

2025. (Doc. 1) Defendants never answered the complaint. (*See* Docs. 7, 12.) The Court entered default on July 9, 2025. (Doc. 15.) CPUS now moves for default judgment. (Doc. 19.)

## II.    DISCUSSION

The Court has reviewed the Motion and the entire record. The Court finds that it has subject matter jurisdiction over this matter pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1). CPUS is a Delaware corporation with its principal place of business in New York, and Defendants are Arizona residents. (Doc. 9 ¶ 1-3; Doc. 19-2 ¶ 3.) The amount in controversy exceeds $75,000. (Doc. 9 ¶ 20.) The Court also has personal jurisdiction over both Defendants. (*See id.* ¶¶ 2-3.) Further, having reviewed Plaintiff's Supplemental Brief Regarding Entry of Default Against Defendant Langer (Doc. 22), the Court finds that CPUS properly served both Defendants. (Docs. 7, 12.)

The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors below are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*

The first, fifth, and sixth *Eitel* factors weigh in Plaintiff's favor. Denying default judgment to CPUS would likely leave it without recourse. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Further, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true," so there can be no genuine dispute of material facts in the complaint. *Id.* Moreover, given that CPUS properly served both defendants, (Docs. 7, 12), the possibility of excusable neglect is remote. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding

that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

The second and third *Eitel* factors also weigh in Plaintiff's favor. These factors—the merits of the claim and the sufficiency of the complaint—are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Viet. Reform Party v. Viet Tan—Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). CPUS brought a breach of contract claim. (Doc. 9 at 3.) Under Arizona law, a breach of contract claim requires (1) a valid contract, (2) breach, and (3) damages. *Graham v. Ashbury*, 112 Ariz. 184, 185 (1975). CPUS has sufficiently alleged all elements. (*See* Doc. 9 ¶¶ 18-20.) Further, CPUS explains what the damages arise under: "amounts due under the Lease Agreement that the tenant failed to pay." (*Id.* ¶ 19.) This is supported by the Lease Agreement and the Guaranty, both attached to the original complaint, which show the tenant's monthly rental obligations and Langer's obligation to pay.[1] (Doc. 1-1 at 8, 11; Doc. 1-2 at 2.)

CPUS has also stated a sufficient claim against Defendant Soteros. Under Arizona law, it is "well settled that a debt incurred by a married man during coverture is presumed to be a community obligation, and that the burden is on one attempting to overcome the presumption to prove his contention." *Donato v. Fishburn*, 90 Ariz. 210, 213 (1961); *see also Schlaefer v. Fin. Mgmt. Serv., Inc.*, 196 Ariz. 336, 339 (App. 2000) ("Generally, all debts incurred during marriage are presumed to be community obligations unless there is clear and convincing evidence to the contrary."); *see also Complot v. US Bank NA*, No. CV-25-00255-PHX-SMB, 2025 WL 2770857, at *4 (D. Ariz. Sep. 26, 2025). Because CPUS alleged that Langer and Soteros are married in their amended complaint, (Doc. 9 ¶ 3), CPUS has a sufficient claim against Soteros at the default judgment stage.

---

[1] "[A]n amended complaint super[s]edes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Nonetheless, the Court finds that the Lease Agreement and Guaranty, which are not included as exhibits in the amended complaint, are subject to judicial notice because they are referenced in the amended complaint and no party questions their authenticity. (Doc. 9 ¶¶ 8, 10.) *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (quoting *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 104 (9th Cir. 2015)).

The fourth *Eitel* factor also favors CPUS. Under the fourth factor, the Court considers the amount of money at stake related to the seriousness of the Defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). CPUS seeks $583,091.47, calculated as $573,125.00 from unpaid rent and $9,966.47 for attorney fees and costs. (Doc. 19 at 7.) The Court finds that the damages sought are proportional to the harm caused by the Defendants.

The seventh *Eitel* factor recognizes "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72. The existence of default judgment under Rule 55(b), however, indicates that "this preference, standing alone, is not dispositive." *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). "Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. While this *Eitel* factor weighs against CPUS, it does not preclude the Court from entering default judgment against Defendants. *Id.*

The *Eitel* factors weigh in favor of granting default judgment to CPUS. The Court must assess whether the relief sought through default judgment is proper.

## III.    REMEDY

CPUS is seeking damages in the form of (1) $573,125.00 in unpaid rent under the Lease Agreement and Guaranty, and (2) $9,966.47 in attorney fees under A.R.S. § 12-341.01(A). (Doc. 9 at 3-4; Doc. 19 at 5, 7.) "On a motion for default judgment, Plaintiffs carry the burden of proving up their damages" through "detailed affidavits and supporting exhibits." *Assaf v. Carp*, No. SAVC 17-01883-CJC(GJSx), 2018 WL 6051514, at *1 (C.D. Cal. June 5, 2018) "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A.    Unpaid Rent

In its Motion for Default Judgment, CPUS requests $573,150.00 in unpaid rent.

- 4 -

(Doc. 19 at 7.) CPUS supports this amount through the declaration of William T. Ellis, a representative of CPUS. (Doc. 19-2 at 1.) Ellis confirms that Playboy Fades, LLC failed to pay rent, and Langer is obligated to pay this rent under the terms of the Guaranty. (*Id.* ¶¶ 6, 8.) According to Ellis, the amount Langer owed was $508,836.73 when the Amended Complaint was filed. (*Id.* ¶ 11.) This amount increased to $573,125.00 at the time Ellis signed the declaration. (*Id.* ¶ 12.) These conclusions are further supported by the Lease Agreement and Guaranty. (Doc. 1-1 at 8, 11; Doc. 1-2 at 2.)

In its amended complaint, CPUS seeks damages "an amount to be proven at trial" which is "not less than $508,836.74." (Doc. 9 at 3.) While a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," this does not preclude courts from awarding actual damages in a given case. Fed. R. Civ. P. 55(c); *AirDoctor, LLC v. Xiamen Qichuang Trade Co.*, 134 F.4th 552, 553 (9th Cir. 2025). In *AirDoctor*, the court held that when a plaintiff seeks "actual damages in an amount to be determined at trial," Rule 54(c) does not prohibit awarding actual damages in a default judgment. *Id.* Here, CPUS seeks "damages in an amount to be proven at trial," which may exceed the amount it initially pleaded: $508,836.74. Accordingly, the Court will award default judgment in the full amount of $573,125.00 for the unpaid rent.

### B.    Attorney Fees

CPUS seeks $9,966.47 in attorney fees. (Doc. 19 at 7.) A party seeking attorney fees must show both that it is eligible for and entitled to the requested attorney fees and that the fees are reasonable. LRCiv 54.2(c). As the successful party in a contract dispute, CPUS is eligible to recover a reasonable award of attorney fees under A.R.S. § 12-341.01(A). It is also entitled to attorney fees because it has followed all procedural requirements required for default judgment.

"When considering whether fees are reasonable under § 12-341.01, courts generally employ the 'lodestar method,' which has been adopted as the centerpiece of attorney's fee awards." *Brighthouse Life Ins. Co. v. Rudolph*, No. CV-24-00870-PHX-DJH, 2026 WL 820518, at *3 (D. Ariz. Mar. 25, 2026). Courts determine the "lodestar calculation" by

multiplying "the hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* The Court may adjust this figure to ensure that the attorney fee amount awarded is reasonable. *See id.*; LRCiv. 54.2(c)(3).

CPUS has submitted an Activities Report outlining the tasks performed, time spent, and person who performed the work. (Doc. 19-1 at 6-24.) The Report shows 25.9 hours of work performed by attorneys, a paralegal, and a legal assistant. (*Id.* at 2, 6.) CPUS charged a $500 hourly rate for a partner, $395 hourly rate for an associate, $200 hourly rate for a paralegal, and $100 hourly rate for a legal assistant. (*Id.* at 2.) The Court finds these rates to be reasonable. *Accord ThermoLife Int'l LLC v. Fitness Wholesalers LLC*, No. CV-18-04189-PHX-JAT, 2020 WL 1694739, at *8 (D. Ariz. Apr. 7, 2020) (finding that hourly rates of $690 for an associate and $890 for a lead partner were reasonable). The Court has also reviewed the individual time entries. (*See* Doc. 19-1 at 6-24.) The Court finds that CPUS may not recover as to 1.1 hours billed by CPUS' paralegal and 1.5 hours billed by its legal assistant since those hours were spent on clerical work. (*See, e.g.*, *id.* at 7 (describing task as "[c]alendar[ing] date to file motion"); *Rodgers v. Claim Jumper Restauraunt, LLC*, No. 13-cv-5496 YGR, 2015 WL 1886708, at *9 (N.D. Cal. Apr. 24, 2015) (eliminating time entries for clerical work, including e-filing). All other billed time entries are satisfactory, so the Court will award attorney fees and costs in the amount of $9,596.47.

## IV.    CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that the Motion for Default Judgment (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded judgment against Defendants:

A.    Entering a Default Judgment of $573,125 against Defendants and in favor of Plaintiff.

B.    Awarding attorneys' fee in the amount of $9,596.47 pursuant to A.R.S.

- 6 -

§ 12-341.01(A)

**IT IS FINALLY ORDERED** that the Clerk of Court must enter final judgment consistent with this Order and close this case.

Dated this 24th day of July, 2026.

Michael T. Liburdi
United States District Judge